IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GEORGE CARLOS CABAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:15-CV-02101-N |
| | § | |
| HSBC MORTGAGE SERVICES, A | § | |
| DIVISION OF HSBC BANK USA, N.A., | § | |
| | § | |
| Defendant. | § | |

## ORDER

This Order addresses Defendant HSBC Mortgage Services, a Division of HSBC Bank USA, N.A.'s ("HSBC Mortgage") motion to dismiss [16]. The Court grants the motion in part and denies it in part.

### I. THE ORIGIN OF THE MOTION

This case arises from HSBC Mortgage's attempts to collect a debt (the "Debt") from Plaintiff George Carlos Caban after Caban filed for bankruptcy. According to Caban's First Amended Complaint, the Debt was secured by a lien on Caban's former home (the "Property"). Pl.'s First Am. Compl. ¶ 12. Caban listed the Debt in his bankruptcy petition as "surrender" and later vacated the Property. *Id.* ¶ 13. The bankruptcy court entered an order staying the recovery of any pre-petition claims against Caban during the pendency of his petition (the "Automatic Stay"). *Id.* ¶ 16. Then, the bankruptcy court entered an order discharging Caban from any liability for creditors' pre-petition claims (the "Discharge

Order"). *Id.* ¶ 17.  The Discharge Order enjoined creditors from attempting to collect on pre-petition claims against Caban, specifically providing that "a creditor is not permitted to contact a debtor by mail, phone, or otherwise . . . or take any other action to collect a discharged debt from the debtor." *Id.*  Caban alleges that HSBC Mortgage received notice of both the Automatic Stay and the Discharge Order.  *Id.* ¶¶ 16, 18.  After the bankruptcy court entered the Discharge Order, HSBC Mortgage foreclosed on the Property.  *Id.* ¶ 22.

Caban asserts that HSBC Mortgage engaged in illegal debt collection activities both during the pendency of his bankruptcy petition and after the bankruptcy court entered the Discharge Order.  Caban alleges that HSBC Mortgage made multiple collection calls to his cell phone during the pendency of his petition.  *Id.* ¶ 24.  Caban also alleges that HSBC Mortgage sent him billing statements and letters demanding payment of the Debt after the bankruptcy court entered the Discharge Order.  *Id.* ¶ 25.  Caban alleges that HSBC Mortgage accessed and reviewed his consumer credit report with Equifax at least twelve times after the bankruptcy court entered the Discharge Order.  *Id.* ¶ 26.  Caban maintains that, in order to access his Equifax report, HSBC Mortgage represented that it had a permissible purpose, such as to insure or monitor its account with Caban or to complete a credit application from Caban.  Caban alleges that these representations were false.  *Id.* ¶ 28.  Caban says that HSBC Mortgage's collection activities caused him monetary loss, mental anguish, and emotional distress, including "a substantial amount of anxiety, distress, insomnia, fear, nervousness, frustration, anger and stress which has reached a level that has physically harmed him, evidence for which will be presented to the jury."  *Id.* ¶ 64.

In his First Amended Complaint, Caban brings claims against HSBC Mortgage for violation of the Fair Credit Reporting Act ("FCRA"), violation of the Texas Debt Collection Act ("TDCA"), invasion of privacy under Texas common law, and contempt for violation of the Automatic Stay and Discharge Order. HSBC Mortgage now moves to dismiss Caban's First Amended Complaint. Caban opposes the motion and, in the alternative, seeks leave to amend.

## II. RULE 12(b)(6) STANDARD

When considering a Rule 12(b)(6) motion to dismiss, a court must determine whether the plaintiff has asserted a legally sufficient claim for relief. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court generally accepts well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012). But a court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Factual allegations must be enough to raise a right

to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations omitted).

In ruling on a Rule 12(b)(6) motion, a court generally limits its review to the face of the pleadings, accepting as true all well-pleaded facts and viewing them in the light most favorable to the plaintiff. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). However, a court may also consider documents outside of the pleadings if they fall within certain limited categories. First, "[a] court is permitted . . . to rely on 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). Second, "[a] written document that is attached to a complaint as an exhibit is considered part of the complaint and may be considered in a 12(b)(6) dismissal proceeding." *Ferrer*, 484 F.3d at 780. Third, a "court may consider documents attached to a motion to dismiss that 'are referred to in the plaintiff's complaint and are central to the plaintiff's claim.'" *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010) (quoting *Scanlan v. Tex. A & M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003)). Finally, "[i]n deciding a 12(b)(6) motion to dismiss, a court may permissibly refer to matters of public record." *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994) (citation omitted); *see also, e.g., Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (stating, in upholding district court's dismissal pursuant to Rule 12(b)(6), that "[t]he district court took appropriate judicial notice of publically available documents and

transcripts produced by the [Food and Drug Administration], which were matters of public record directly relevant to the issue at hand").

### III. THE COURT GRANTS THE MOTION TO DISMISS IN PART

Upon review of the First Amended Complaint and the relevant legal authorities, the Court determines that Caban has stated plausible claims for violation of the FCRA, violation of the TDCA, and invasion of privacy. However, Caban lacks a private right of action to seek a holding of contempt based on HSBC Mortgage's alleged violation of the Discharge Order. Accordingly, the Court grants the motion to dismiss in part and denies it in part.

### A. Violation of the FCRA

HSBC Mortgage moves to dismiss the FCRA claim on the grounds that Caban has not pled any actual damages or willful conduct. The FCRA prohibits a person from using or obtaining a consumer report without a permissible purpose. *See* 15 U.S.C. § 1681b(f). If a person negligently violates this provision, the consumer is entitled to recover actual damages and attorney's fees. *See* 15 U.S.C. § 1681*o*(a). But if a person willfully violates the statute, the consumer is entitled to actual damages or $1,000, whichever is greater, plus attorney's fees and punitive damages, as the court may allow. *See* 15 U.S.C. § 1681n.

Caban has adequately pled actual damages. Under the FCRA, damages for mental anguish and emotional distress are recoverable as actual damages under section 1681*o*. *See* 15 U.S.C. § 1681*o*; *Stevenson v. TRW Inc.*, 987 F.2d 288, 296 (5th Cir. 1993) ("Actual damages include humiliation or mental distress, even if the consumer has suffered no out-of-pocket losses."). Here, Caban maintains that HSBC Mortgage's violation of his

privacy caused him "a substantial amount of anxiety, distress, insomnia, fear, nervousness, frustration, anger and stress which has reached a level that has physically harmed him, evidence for which will be presented to the jury." First Am. Compl. ¶ 64. Caban has sufficiently alleged that he suffered mental anguish and emotional distress as a result of HSBC Mortgage's conduct.

However, Caban's claim that HSBC Mortgage's credit pulls resulted in "past and future monetary loss," *id.*, is not facially plausible. Caban does not explain the nature of this loss or how HSBC Mortgage's conduct caused it. Indeed, Exhibit C to the First Amended Complaint shows that HSBC Mortgage's credit pulls did not impact Caban's credit score, and that only Caban could view the inquiries. *Id.*, Ex. C [13-3]. Because Caban has not pled sufficient facts to show monetary loss, his recoverable actual damages are limited to damages for mental anguish and emotional distress.

Finally, Caban has adequately pled a willful violation of the FCRA. To establish a willful violation, Caban must show that HSBC Mortgage, either knowingly or recklessly, obtained Caban's credit report without a permissible purpose. *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 56–60 (2007). A creditor acts recklessly when it takes "action entailing 'an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 836 (1994)). Here, Caban alleges that HSBC Mortgage knew: (1) the bankruptcy court had discharged Caban's personal liability for the Debt, (2) there was no open account between the parties post-discharge, (3) Caban did not seek credit from HSBC Mortgage post-discharge, and (4) the Discharge Order prohibited

ORDER – PAGE 6

Caban from seeking to collect the Debt. *See* First Am. Compl. ¶¶ 26, 28. These allegations are sufficient to show HSBC either knowingly or recklessly requested Caban's credit reports without a permissible purpose. Caban has stated a plausible claim for a willful violation of the FCRA.

### B. Violation of the TDCA

HSBC Mortgage argues that Caban has failed to state a claim for violation of the TDCA because Caban has not pled actual damages or any misrepresentation. The TDCA prohibits certain debt collection methods. *See* Tex. Fin. Code §§ 392.301–02, 392.304. Caban brings claims under section 392.301, which prohibits the use of threats or coercion; section 392.302, which holds that debt collectors may not oppress, harass, or abuse debtors; and section 392.304, which generally prohibits the use of fraudulent, deceptive, or misleading representations. *Id.*

As discussed above, Caban has sufficiently alleged that HSBC Mortgage's conduct caused him mental anguish and emotional distress. Caban may recover actual damages for his mental anguish under the TDCA. *See McCaig v. Wells Fargo Bank, N.A.*, 788 F.3d 463, 482–84 (5th Cir. 2015) (affirming award of actual damages for mental anguish on TDCA claim). Accordingly, the Court denies HSBC Mortgage's motion to dismiss Caban's TDCA claims under sections 392.301 and 392.302.

As for Caban's claims under section 392.304, the Court determines that Caban has adequately pled that HSBC Mortgage made a misrepresentation to Caban, but not to Equifax. Caban asserts that HSBC Mortgage violated both section 392.304(a)(8) and section

392.304(a)(19) of the TDCA.  Section 392.304(a)(8) provides that "in debt collection or obtaining information concerning a consumer," a debt collector may not "misrepresent[] the character, extent, or amount of a consumer debt, or misrepresent[] the consumer debt's status in a judicial or governmental proceeding."  TEX. FIN. CODE § 392.304(a)(8).  Section 392.304(a)(19) similarly prohibits debt collectors from "using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer."  TEX. FIN. CODE § 392.304(a)(19).  Caban alleges that HSBC Mortgage "misrepresented to [Caban] he was liable for the subject debt post-discharge" and "misrepresented to Equifax it had a permissible purpose to access [Caban's] consumer report," such as to monitor, insure, or collect its account with Caban.  First Am. Compl. ¶¶ 33, 46.

These allegations permit the reasonable inference that HSBC Mortgage misrepresented the character of Caban's Debt – *i.e.*, discharged or nondischarged.  However, the Court is unable to discern from the face of the pleadings what misrepresentation HSBC Mortgage made to Equifax.  Accordingly, the Court finds that Caban has stated a plausible claim for relief under section 392.304 of the TDCA based on HSBC Mortgage's representations to Caban, but not Equifax.

### C. Invasion of Privacy Under Texas Common Law

The FCRA's preemption provision states that "no consumer may bring any action or proceeding in the nature of . . . invasion of privacy . . . with respect to the reporting of information . . . except as to false information furnished with malice or willful intent to injure such consumer."  15 U.S.C. § 1681h(e).  Caban alleges that HSBC Mortgage invaded his

privacy when it made impermissible pulls on his credit report, placed collection calls during the pendency of his bankruptcy petition, and sent him billing statements and demand letters post-discharge. The last two actions – placing collection calls and mailing account statements – do not relate to the "reporting of information." *Id.* The FCRA does not preempt these claims.[1] The third action, impermissible pulls on Caban's credit report, does relate to the "reporting of information" under the FCRA, and therefore the FCRA potentially preempts this aspect of Caban's invasion of privacy claim.

HSBC Mortgage argues that Caban's invasion of privacy claim is preempted because the allegations do not show HSBC Mortgage acted "with malice or willful intent to injure." *Id.*[2] The FCRA does not include a definition of malice, and the parties do not suggest one. The Fifth Circuit previously has applied the common law standard articulated in *New York Times v. Sullivan*, 376 U.S. 254 (1964), to the preemption clause in section 1681h(e). *See Morris v. Equifax Info. Servs., LLC*, 457 F.3d 460, 471 (5th Cir. 2006) (applying *New York Times* standard to determine whether plaintiff alleged malice in context of libel claim). Other courts in the Northern District of Texas have applied this standard,[3] and the Court adopts it

----

[1]Whether these actions constitute an invasion of privacy is a separate issue that HSBC Mortgage does not address.

[2]HSBC Mortgage only addresses the "malice or willful intent to injure" portion of the FCRA preemption provision. The Court does not consider whether HSBC Mortgage furnished false information within the meaning of the FCRA preemption provision.

[3]*See, e.g.*, *Shaunfield v. Experian Info. Solutions, Inc.*, 991 F. Supp. 2d 786, 802 (N.D. Tex. 2014) (Ramirez, Mag. J.); *Meisel v. USA Shade and Fabric Structures Inc.*, 795 F. Supp. 2d 481, 488 (N.D. Tex. 2011) (Fish, J.).

here.  "Under the *New York Times* standard, a statement has been made with 'actual malice'

if it was made 'with knowledge that it was false or with reckless disregard of whether it was

false or not.'"  *Id.* at 471 & n.19 (quoting *Sullivan*, 376 U.S. at 280).  As discussed above,

the allegations show that HSBC Mortgage knowingly or recklessly requested Caban's credit

reports without a permissible purpose.

The Court concludes that Caban has pled malice and that section 1681h(e) does not

preempt his invasion of privacy claim.

### D. Contempt for Violation of the Discharge Order

Caban seeks to hold HSBC Mortgage in contempt for violation of the bankruptcy

court's Automatic Stay and Discharge Order.  HSBC Mortgage argues that Caban lacks a

private right of action to seek a holding of contempt in this Court with respect to the

Discharge Order.

"[P]rivate rights of action to enforce federal law must be created by Congress."

*Alexander v. Sandoval*, 532 U.S. 275, 286 (2001).  "The judicial task is to interpret the statute

Congress passed to determine whether it displays an intent to create not just a private right

but also a private remedy."  *Id.*  Caban contends that 11 U.S.C. § 524(a)(2) grants him a

private right of action to seek a holding of contempt for HSBC Mortgage's violation of the

Discharge Order.  Under section 524, the Discharge Order "operates as an injunction against

the commencement or continuation of an action, the employment of process, or an act, to

collect, recover or offset any such debt as a personal liability of the debtor . . . ."  11 U.S.C.

§ 524(a)(2).  The question is whether Congress intended this provision to confer a private remedy as well as a private right.

At the outset, the Court notes that although the Fifth Circuit has yet to rule on this precise question, "all federal courts of appeals to address the issue have held that § 524 does not create a private right of action . . . ."  *Price v. Am.'s Servicing Co.*, 2013 WL 1914939, at *3 (N.D. Tex. 2013) (Fitzwater, J.) (collecting cases); *see also In re Joubert*, 411 F.3d 452, 456 (3rd Cir. 2005) (same).  As Judge Fitzwater explains in *Price*, Congress previously "amended the Bankruptcy Code to add a private right of action to § 362 enabling debtors to sue for violations of the automatic stay."  *Id.*  Section 362 specifically provides that "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages."  11 U.S.C. § 362(k)(1).  In comparing the language of sections 524 and 362, the Court agrees with Judge Fitzwater's conclusion that "[i]f Congress had intended to create a private right of action, it knew how to do so."  *Price*, 2013 WL 1914939 at *3.

Caban argues that *Price* is inconsistent with Fifth Circuit precedent.  In *Matter of Nat'l Gypsum Co.*, 118 F.3d 1056 (5th Cir. 1997), the Fifth Circuit noted that "[t]he discharge injunction granted by section 524(a) is a substantive right conferred by the Bankruptcy Code, often enforced by a motion for contempt, but also enforceable through a declaratory judgment action."  *Id.* at 1063 (internal citations omitted).  But *National Gypsum* involved an adversary proceeding to determine the scope of a section 524 order.  *Id.* at

ORDER – PAGE 11

1059–61.   The reorganized debtor brought its adversary proceeding before the same bankruptcy court that had entered the disputed order.  *Id.  National Gypsum* did not involve a debtor's collateral proceeding in a district court acting outside its bankruptcy capacity to hold a party in contempt for violation of another court's order.  And although section 524 injunctions are enforceable through a declaratory judgment action, Caban does not plead one here.  Even if he had, "the Declaratory Judgment Act alone does not create a federal cause of action."  *Harris Cty., Tex. v. MERSCORP Inc.*, 791 F.3d 545, 552 (5th Cir. 2015).  The Court determines that section 524 merely sets forth a debtor's rights under a discharge order and does not create a new private right of action for enforcement.

In his Response, Caban contends that if section 524 does not confer a private right of action, his cause may be found in section 105.  Under this provision, "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [Title 11]."  11 U.S.C. § 105(a).  Section 105 further explains that Title 11 should not be construed "to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent abuse of process."  *Id.*  Caban cites multiple cases where a bankruptcy court found authority under this section to enforce a discharge injunction, even when the bankruptcy case was pending before a different court.  *See, e.g.*, *In re Rojas*, 2009 WL 2496807, at *5 (Bankr. S. D. Tex. 2009).

However, the weight of authority among the courts of appeals demonstrates that section 105(a) does not create a private right of action whereby a debtor can enforce a

discharge injunction through a collateral proceeding in a court sitting outside of its bankruptcy jurisdiction. *See In re Joubert*, 411 F.3d at 456 (comparing cases). "Section 105 authorizes a court to issue orders or judgments necessary to carry out the provisions of the Bankruptcy Code, but the Code already includes congressionally-prescribed remedies." *Price*, 2013 WL 1914939 at *4. The Court interprets section 105 as providing bankruptcy courts with the means and authority to carry out these carefully circumscribed remedies, but not to create new ones. As the Supreme Court held in *Sandoval*, "private rights of action to enforce federal law must be created by Congress," not federal courts. 532 U.S. at 286.

To hold HSBC Mortgage in contempt for violation of the Discharge Order, Caban must bring a motion for contempt or declaratory judgment in bankruptcy court. Because Caban lacks a private right of action to seek contempt here, the Court grants HSBC Mortgage's motion to dismiss that claim.[4]

### IV. THE COURT DENIES LEAVE TO AMEND

As explained above, the Court dismisses Caban's claims for monetary losses under the FCRA, for misrepresentations to Equifax in violation of the TDCA, and for a holding of contempt based on HSBC Mortgage's alleged violation of the Discharge Order. Caban has already amended his complaint once as a matter of course, and he did so after reviewing HSBC Mortgage's first motion to dismiss [9]. HSBC Mortgage challenged most of these deficiencies in the first motion to dismiss. Caban has not explained how he might remedy

---

[4]The Court notes that HSBC Mortgage did not seek to dismiss Caban's action for contempt of the Automatic Stay, and that this aspect of Caban's complaint remains pending.

these faults in a second amended complaint. Moreover, Caban's claim for contempt based on HSBC Mortgage's alleged violation of the Discharge Order fails as a matter of law because he lacks a private right of action. The Court denies Caban leave to amend.

### CONCLUSION

The Court grants HSBC Mortgage's motion to dismiss Caban's claims for monetary losses under the FCRA, for misrepresentations to Equifax in violation of the TDCA, and for a holding of contempt based on HSBC Mortgage's alleged violation of the Discharge Order. The Court denies all other aspects of HSBC Mortgage's motion to dismiss. The Court denies Caban leave to amend.

Signed April 27, 2016.

David C. Godbey
United States District Judge

ORDER – PAGE 14